**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| United States of America ex rel.<br>The Tarbell Group, LLC,<br><br>Plaintiff/Relator,<br><br>v.<br><br>Maryland Watermen's Association Inc., et al.,<br><br>Defendants. | Case No. 1:25-cv-00915-MJM |

**REQUEST FOR JUDICIAL NOTICE**

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Maryland Watermen's Association Inc. (the "Association"), through undersigned counsel, respectfully submits this Request for Judicial Notice in support of its Motion to Dismiss the First Amended Complaint. The documents referenced are attached hereto as Exhibits A through N. Each document is a matter of public record, can be accurately and readily verified, and its existence in the public sphere is not subject to reasonable dispute. Each exhibit identifies its source on its face, including the source URL and, for archived webpage captures, the Internet Archive URL reflecting the date of capture. As such, the documents are appropriate for judicial notice at the Rule 12(b)(6) stage, and they establish that the False Claims Act's public disclosure bar warrants dismissal with prejudice of all claims against the Association in the First Amended Complaint ("FAC").

The documents attached hereto as Exhibits A through N are as follows:

**Exhibit A:** The Paycheck Protection Program ("PPP") borrower database webpage of the U.S. Small Business Administration ("SBA"), found at https://data.sba.gov/dataset/ppp-foia, indicating the dataset was issued on March 3, 2021, and last modified on October 21, 2024.

**Exhibit B:** The PPP loan information for the Association obtained from the SBA database in Exhibit A, from the file titled "public_up_to_150k_6_240930.csv" at row 580852, reflecting borrower "MARYLAND WATERMANS ASSOCIATION, INC." at 1805A Virginia St, Annapolis, Maryland (the address alleged in the FAC, ¶ 6), loan number 9508187810, the June 8, 2020 approval of a $16,417.00 first-draw loan through lender Cedar Point FCU, the borrower's "Non-Profit Organization" business type, and the January 28, 2021 forgiveness of $16,520.00.

**Exhibit C:** An Internet Archive ("Wayback Machine") capture of the SBA PPP borrower database webpage (Exhibit A), captured on January 1, 2025, available at https://web.archive.org/web/20250101213025/https://data.sba.gov/dataset/ppp-foia, showing that the dataset's loan-level files, including "public_up_to_150k_6_240930.csv," the file containing the Association's loan information (Exhibit B), were publicly posted before this action was filed, and reflecting the dataset's "Created" date of March 2, 2021, and "Last Updated" date of October 21, 2024.

**Exhibit D:** The PPP loan search tool found on ProPublica.org at https://projects.propublica.org/coronavirus/bailouts/, indicating it was created on July 7, 2020, and last updated on October 27, 2024.

**Exhibit E:** The PPP borrower information for the Association's first-draw PPP loan, publicly available at https://projects.propublica.org/coronavirus/bailouts/loans/maryland-watermans-association-inc-9508187810, reflecting the $16,417 loan approved June 8, 2020 (First Round) through lender Cedar Point FCU, the "Non-Profit Organization" business type, and the

"Forgiven" loan status with $16,520 forgiven, and stating that the underlying data includes lender-approved PPP loans as of June 1, 2021.

**Exhibit F:** The Internal Revenue Service ("IRS") database of tax-exempt organizations, the Exempt Organizations Business Master File Extract ("EO BMF"), publicly available at https://www.irs.gov/charities-non-profits/exempt-organizations-business-master-file-extract-eo-bmf, reflecting an updated data posting date of September 8, 2026, and a record count of 1,964,958.

**Exhibit G:** The tax-exempt status information for the Association from the IRS EO BMF in Exhibit F, obtained from the file for "Maryland" at row 17407, listing the Association (rendered "MARYLAND WATERMEN ASSOCIATION INC") at 1805A Virginia Street, Annapolis, Maryland, the address alleged in the FAC, ¶ 6, with an EIN ending in 1860. The "Subsection" code of "05" indicates the Association is a section 501(c)(5) organization, and the "Ruling" field of "197310" indicates the IRS recognized that status in October 1973. The direct link to this spreadsheet is https://www.irs.gov/pub/irs-soi/eo_md.csv.

**Exhibit H:** A Wayback Machine capture of the IRS EO BMF webpage (Exhibit F), captured on January 8, 2025, available at https://web.archive.org/web/20250108130250/https://www.irs.gov/charities-non-profits/exempt-organizations-business-master-file-extract-eo-bmf, reflecting an updated data posting date of December 10, 2024, and a record count of 1,877,550.

**Exhibit I:** The IRS database of Form 990 filings, accessible through the IRS Tax Exempt Organization Search at https://apps.irs.gov/app/eos/.

**Exhibit J:** The Association's IRS Form 990 for the fiscal year July 1, 2017, through June 30, 2018, publicly available through the IRS database in Exhibit I and catalogued on ProPublica's Nonprofit Explorer (Exhibit N), identifying the Association at Item I of the form's header as

exempt under section "501(c) (5)," reporting a 1973 year of formation, and bearing an IRS received stamp of December 2018 (Ogden, Utah). The Association's EIN is redacted pursuant to Fed. R. Civ. P. 5.2(a).

**Exhibit K:** The Association's IRS Form 990 for the fiscal year July 1, 2018, through June 30, 2019, publicly available through the same sources as Exhibit J, likewise identifying the Association as exempt under section "501(c) (5)" at Item I and bearing an IRS received stamp of November 2020 (Ogden, Utah). The Association's EIN is redacted pursuant to Fed. R. Civ. P. 5.2(a).

**Exhibit L:** The Association's IRS Form 990 for the fiscal year July 1, 2019, through June 30, 2020, publicly available through the same sources as Exhibit J, likewise identifying the Association as exempt under section "501(c) (5)" at Item I and bearing an IRS received stamp of January 2021 (Ogden, Utah). The Association's EIN is redacted pursuant to Fed. R. Civ. P. 5.2(a).

**Exhibit M:** The ProPublica Nonprofit Explorer, a searchable database of tax-exempt information for nonprofit organizations, found at https://projects.propublica.org/nonprofits/.

**Exhibit N:** The tax-exempt information for the Association found on ProPublica's Nonprofit Explorer, on the Association's organization page, reached by searching the Association's name (the page's URL incorporates the Association's full EIN and is therefore not reproduced here, see Fed. R. Civ. P. 5.2(a)), identifying the Association (EIN ending 1860) as "[d]esignated as a 501(c)(5)" organization, "[t]ax-exempt since Oct. 1973," and cataloguing its Form 990 filings dating back to fiscal year 2005.

## II. LEGAL STANDARD

When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may

take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute where they (1) are "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*

## III. ARGUMENT

The False Claims Act ("FCA") seeks to prevent parasitic lawsuits based on previously disclosed fraud. *United States ex rel. Wilson v. Graham Cnty. Soil & Water Conservation Dist.*, 777 F.3d 691, 695 (4th Cir. 2015). Thus, the statute contains a public disclosure bar, which provides that a "court shall dismiss an action or claim . . . if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . ." 31 U.S.C. § 3730(e)(4)(A). Judicial notice of Exhibits A through N is necessary to establish that all of the allegations against the Association in the FAC were publicly disclosed before this action was filed and, therefore, that the claims against the Association must be dismissed pursuant to the public disclosure bar.

It is proper to take judicial notice of these exhibits at the Rule 12(b)(6) stage in order to evaluate the FCA's public disclosure bar. *United States ex rel. Beauchamp v. Academi Training Ctr., Inc.*, 816 F.3d 37, 43 (4th Cir. 2016) (considering a Wired.com article as part of a Rule 12(b)(6) motion based on the public disclosure bar); *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811–16 (11th Cir. 2015) (affirming judicial notice of newspaper advertisements and publicly available websites as qualifying public disclosures); *United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 208 (1st Cir. 2016) (judicial notice of press releases, news articles, government reports, and congressional testimony was consistent with the approaches of other federal circuits on Rule 12(b)(6) motions based on the public disclosure bar); *United States*

*ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 301–02 (3d Cir. 2016) (judicial notice of news articles and federal reports proper for a Rule 12(b)(6) motion based on the public disclosure bar). Courts adjudicating this same Relator's parallel PPP lawsuits, and materially identical PPP qui tam suits by similar relators, have done the same. *See United States ex rel. The Tarbell Group LLC v. Bristol TN-VA Ass'n of Realtors*, No. 1:25-cv-111, ECF No. 149, at 4 n.4, 12 (E.D. Tenn. Sept. 14, 2026) (granting judicial notice of online public sources offered to support the public disclosure bar); *United States ex rel. Relator LLC v. Cardinalli*, No. 5:23-cv-00113-HDV-DTB, 2026 WL 391430 (C.D. Cal. Feb. 9, 2026) (dismissing with prejudice after taking judicial notice of PPP loan information from SBA databases, ProPublica, and Forbes).

**A. The Court Should Take Judicial Notice of Exhibits A, B, F, G, and I through L.**

Exhibits A, B, F, G, and I through L are information from publicly accessible federal government websites belonging to the SBA and the IRS. Their accuracy cannot reasonably be questioned, and they are not subject to reasonable dispute, as they are provided by the United States government. Courts may take judicial notice of government websites and the databases on such websites. *United States v. Doe*, 962 F.3d 139, 147 n.6 (4th Cir. 2020) ("[W]e may take judicial notice of governmental reports."); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites."); *Yates v. Municipal Mortg. & Equity, LLC*, 744 F.3d 874, 881 (4th Cir. 2014) (taking judicial notice of forms filed with the government); *Africare, Inc. v. Xerox Complete Document Sols. Md., LLC*, 436 F. Supp. 3d 17, 45 n.21 (D.D.C. 2020) (taking judicial notice of IRS Form 990). Accordingly, this Court should take judicial notice of these exhibits.

**B. The Court Should Take Judicial Notice of Exhibits D, E, M, and N.**

Exhibits D, E, M, and N are webpages from ProPublica, a newsroom. These exhibits are readily accessible to the public, and courts may take judicial notice of such websites. *Beauchamp*, 816 F.3d at 43 (considering a Wired.com article on a Rule 12(b)(6) motion based on the public disclosure bar); *Layani v. Ouazana*, No. ELH-20-420, 2021 WL 805405, at *59 (D. Md. Mar. 3, 2021) (taking judicial notice of a news article to determine what information was public at the time); *Johnson v. Pozen Inc.*, No. 7-599, 2009 WL 426235, at *6 (M.D.N.C. Feb. 19, 2009) (taking judicial notice of news articles and press releases); *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (taking judicial notice of newspaper articles to establish what the market knew); *Seikel v. Alvarez*, No. 1:23-cv-01, 2024 WL 1315869, at *10–11 (N.D.W. Va. Mar. 27, 2024) (ProPublica's PPP loan database qualifies as "news media" under the public disclosure bar). Accordingly, this Court should take judicial notice of Exhibits D, E, M, and N.

**C. The Court Should Take Judicial Notice of the Internet Archive Captures, Exhibits C and H.**

Exhibits C and H are date-stamped captures from the Internet Archive's Wayback Machine showing the SBA and IRS webpages described above as they existed on dates preceding the filing of this action. These captures are offered to establish the fact, not subject to reasonable dispute, that the information contained in the underlying sources was publicly available on the dates of capture. Defendants in a parallel PPP qui tam action relied on such web archives to establish what information was publicly available when the relator filed its complaint. *See United States ex rel. Nevadans Against Fraud on the Gov't, LLC v. Terrible Herbst*, No. 2:24-CV-2277 JCM (BNW), 2026 U.S. Dist. LEXIS 44113, at *14-16 (D. Nev. Mar. 4, 2026); *see also Bristol TN-VA Ass'n of Realtors*, No. 1:25-cv-111, ECF No. 149, at 8 n.5 (noting the *Terrible Herbst* defendants' use of

web archives and that no defendant before it had "done so"). *See also Valve Corp. v. Ironburg Inventions, Ltd.*, 8 F.4th 1364, 1375-76 (Fed. Cir. 2021) (taking judicial notice of Internet Archive captures and following the district courts that have done the same); *United States v. Kieffer*, 681 F.3d 1143, 1154 n.3 (10th Cir. 2012) (Wayback Machine printouts properly authenticated). Accordingly, this Court should take judicial notice of Exhibits C and H.

## IV. CONCLUSION

WHEREFORE, Defendant Maryland Watermen's Association Inc. respectfully requests that the Court take judicial notice of Exhibits A through N attached hereto.

Dated: September 25, 2026.

Respectfully submitted,

*/s/ Kaitlyn A. Loughner*
Kaitlyn A. Loughner, Esq. (Bar No. 19284)
kaitlyn.loughner@askfrost.com
Zachary J.T. Lyda, Esq. (Bar No. 31399)
zachary.lyda@askfrost.com
Rebecca Sheppard, Esq. (Bar No. 20143)
rebecca.sheppard@askfrost.com
839 Bestgate Rd., Ste. 400
Annapolis, Maryland 21401
Tel: (410) 497-5947
Fax: (888) 235-8405
Counsel for Defendant Maryland Watermen's Association Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25 day of September, 2026, a copy of Defendant Maryland Watermen's Association Inc.'s Request for Judicial Notice was filed with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all counsel of record, and copies were served on:

Bruce Ellis Fein, Esquire
Bruce Ellis Fein PLLC
P.O. Box 506
Great Falls, Virginia 22066
bruce@newdream.net
Attorney for Plaintiff/Relator

*/s/ Kaitlyn A. Loughner*
Kaitlyn A. Loughner, Esq. (Bar No. 19284)