**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES EX REL.<br>THE TARBELL GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ACADEMY OF ENVIRONMENTAL ENGINEERS AND SCIENTIST, INC., *et al.*,<br><br>Defendants. | Civ. No. 1:25-cv-00915-MJM |

**DEFENDANT DEEP CREEK LAKE SAILING ASSOCIATION'S OPPOSITION TO RELATOR'S MOTION FOR CONSOLIDATED OPPOSITION BRIEFING AND EXTENSION OF TIME**

Defendant Deep Creek Lake Sailing Association ("DCLSA"), by and through undersigned counsel, hereby opposes Relator's Motion for Consolidated Opposition Briefing and Extension of Time ("Relator's Motion to Consolidate Opposition Briefing", ECF No. 60, to the extent it seeks the right to file a consolidated opposition. DCLSA does not oppose an extension of time for Relator to file its response to DCLSA's Motion to Dismiss.

For context, the First Amended Complaint is woefully inadequate in terms of identifying with particularity the actions of DCLSA or the subjective intent of the agents of DCLSA. This lack of particularity as to DCLSA is fatal to the pleading. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784-85 (4th Cir. 1999) (cleaned up); Fed. R. Civ. P. 9(b). The Relator was required to plead the "time, place, and contents of the false [claim], as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* (citation omitted) No such particularity was provided in this case. Instead the First Amended Complaint (ECF No. 8, "FAC") only asserts generalizations. This use of generalizations repeats itself in its Motion

to Consolidate Opposition Briefing.

Deep Creek Lake Sailing Association's Motion to Dismiss asserts the lack of a false claim, a non-violation of actual interim rules, the public disclosure bar, Rules 8 and 9(b), and the sufficiency of the reverse-false-claim allegation. (ECF No. 80) Despite the subject of the defenses, there are no other commonalities between the defendants. DCLSA is its own entity, separate and independent from all other Defendants. Each Defendant has a different person(s) acting on their behalf and different applications for Paycheck Protection Program ("PPP") loan(s) from different lenders and/or forgiveness at different times, in different amounts. Some Defendants received one loan, some received two. Some are private clubs, while others are not. Some of the public sources cited in DCLSA Motion to Dismiss say nothing of the other Defendants. (ECF No. 40-1.) Likewise, the facts required to state that DCLSA presented a false claim are entirely different from the facts relating to any other Defendants' alleged false claim. *Id.*

Consolidated opposition briefing prejudices DCLSA, the other Defendants, and this Court. As Relator has revealed in other districts, his consolidated opposition groups defendants together and generically addresses overlapping arguments. *Briston, TN-VA Ass'n of Realtors*, No. 1:25-cv-111, Doc. 123. Specific facts of fraud as to any particular defendant are eschewed. Public sources cited by individual defendants are not discussed. As a result, defendants are left to sort through Relator's opposition to determine which arguments are relevant and applicable to their motion to dismiss, and the court is deprived of any defendant-specific adversarial argument it may rely on to decide fact-specific FCA claims. DCLSA should be afforded the courtesy and right of having Relator defend the specific allegations it brought against DCLSA, and the Court would benefit from full briefing as to those allegations. Relator should not be permitted to shift the burden onto Deep Creek Lake Sailing Association and this Court through submission of generalized

arguments targeting groups of defendants.

Requiring Relator to file separate oppositions as to each of Defendants' motion to dismiss does not preclude the Court from issuing a single ruling as to multiple Defendants.

Relator has sought DCLSA's consent to file a consolidated opposition and that request was denied. While defendants in other jurisdictions have consented to this procedure, Deep Creek Lake Sailing Association does not. In discussions with Relator, DCLSA has been amenable to a short extension for Relator to oppose DCLSA's Motion to Dismiss.

In conjunction with this Memorandum, DCLSA has filed a motion to sever which it urges should be granted.

WHEREFORE, Defendant Deep Creek Lake Sailing Association, by undersigned counsel, respectfully requests the Court deny Relator's Motion to Consolidate Opposition Briefing, grant its Motion to Dismiss pursuant to Rule 12(b)(6), dismiss the FAC, and alternatively, grant its motion to sever and for such other and further relief as the nature of its cause may require.

Dated: October 1, 2026.

Respectfully Submitted,
DEEP CREEK SAILING ASSOCIATION, Inc.
By Counsel

WESTLAKE LEGAL GROUP

/s/ Thomas K. Plofchan, Jr.
By: Thomas K. Plofchan, Jr., VSB #34536
46175 Westlake Drive, Suite 320
Potomac Falls, Virginia 20165
Telephone: 703-406-7616; Facsimile: 703-444-9498
Email: tplofchan@westlakelegal.com
*Counsel for Defendant DCLSA*
*Pro Hac Vice*

Kevin Karpinski
Karpinski, Cornbrooks & Karp, P.A.
120 E. Baltimore St. # 1850
Baltimore, MD 21202
Telephone: (410) 727-5000
Fax: (410) 727-0861
kevin@bkcklaw.com
*Sponsoring Attorney*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2026, a copy of Defendant Deep Creek Lake Sailing Association's Memorandum in Support of its Motion to Dismiss was served electronically via the CM/ECF system to:

Bruce Ellis Fein, Esquire
Bruce Ellis Fein PLLC
P.O. Box 506
Great Falls, Virginia 22066
*Attorney for Relator*

/s/ Thomas K. Plofchan, Jr.
Thomas K. Plofchan, Jr.