**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| United States of America ex rel. The Tarbell Group, LLC,<br><br>Plaintiff<br><br>v.<br><br>American Academy of Environmental Engineers and Scientists, Inc., et al.,<br><br>Defendants | Civ. no. MJM-25-cv-915 |

**RELATOR'S OPPOSITION TO THE MOTIONS TO SEVER OF DEFENDANTS INTERNATIONAL COLLEGE OF DENTISTS AND DEEP CREEK LAKE SAILING ASSOCIATION**

Defendants International College of Dentists—United States of America Chapter ("ICD") and Deep Creek Lake Sailing Association ("DCLSA") move under Rule 21 of the Federal Rules of Civil Procedure to sever the claims against each of them into a separate action. ECF Nos. 91, 92, 94, 95. The two motions and their supporting memoranda are, apart from the movant's name, the same, and plaintiff-relator The Tarbell Group, LLC ("Relator") answers them together. Each fails for three independent reasons. First, the Court has already decided, over these movants' objection, that the overlapping motions to dismiss in this action, theirs included, should be briefed and decided together, and the motions to sever would undo that order before the briefing it directs is complete. Second, the claims against the defendants arise out of a series of transactions under a single federal program and turn on common questions of law, which is what Rule 20(a)(2) requires. Third, even if joinder were open to question, severance at this stage would be premature, for Rules 20(b), 21, and 42(b) empower the Court to address any untoward effects from consolidation that

may arise later in the case. Relator may not be averse to, and may initiate, severance following the Court's adjudication of the motions to dismiss.

The motions also stand on a false foundation. The movants cite only two cases, misrepresenting the first as a decision of this Court and the second as a decision of the Fourth Circuit. The first was decided by the Eastern District of New York, and the second is an unpublished decision of the Tenth Circuit that does has no conceivable bearing on the case, not mentioning joinder or Rule 21 at all.

**BACKGROUND**

The First Amended Complaint names sixty-nine defendants. ECF No. 8 ("Compl." or "Complaint"). Each is an organization exempt from taxation under a subsection of section 501(c) of the Internal Revenue Code that the Paycheck Protection Program (the "PPP Program") excluded from eligibility when the defendant obtained its loan. Some are also private clubs, which the PPP Program excluded at all times. *Id.* ¶¶ 4-72, 80-89. To receive a PPP loan, each applicant completed a borrower application form prescribed by the Small Business Administration ("SBA") and certified on it that the applicant was eligible under the rules then in effect. To obtain forgiveness, each borrower certified its compliance with the requirements of the PPP Program, including its eligibility rules. *Id.* ¶¶ 78-79, 94-95. The Complaint pleads the six causes of action against the defendants upon those certifications and those eligibility rules. *Id.* ¶¶ 92-98, *passim*.

ICD and DCLSA moved to dismiss on September 25, 2026. ECF Nos. 77, 80. Their materially identical memoranda state that Relator "asserts uniformly that these hundreds of tax-exempt organizations improperly certified PPP eligibility," and that "[t]he actions are pleaded the same way against every defendant through the use of a spreadsheet containing the organization's name along with the public information that the SBA publicly disclosed." ECF No. 77-1, at 3; ECF

No. 80-1, at 3. They seek dismissal on grounds of falsity, scienter, materiality, causation, and the public-disclosure bar. ECF No. 77-1, at 2-4; ECF No. 80-1, at 2-4.

On September 22, 2026, Relator moved for leave to answer the motions to dismiss in a single consolidated opposition. ECF No. 60. ICD and DCLSA opposed that motion on October 1, 2026 (ECF Nos. 93, 96), and the same day filed the virtually identical motions to sever now before the Court. On October 8, 2026, the Court granted Relator's motion. ECF No. 107. The Court found "that consolidated briefing of Relator's opposition to the large number of affected motions to dismiss would serve judicial economy," a finding it explained was "supported by the opposing defendants' briefs, which generally assert the same arguments in opposition to Relator's motion for consolidated briefing—noting the same set of defenses and arguments for dismissal they have asserted or intend to assert in their motions to dismiss." *Id.*, at 1. The Court acknowledged "that the numerous defendants are not entirely similarly situated," and, "[t]o minimize the risk of prejudice to the moving defendants," directed Relator "to state clearly in its consolidated opposition which arguments apply to which specific defendant moving for dismissal." *Id.*, at 1-2. It authorized a single consolidated opposition, due December 18, 2026, to every motion to dismiss filed or served on or before November 20, 2026, "including ECF Nos. 40, 77, and 80." *Id.*, at 2.

## ARGUMENT

### I. The Court Has Already Decided, Over the Movants' Objection, That the Motions to Dismiss Should Proceed Together.

The motions to sever seek, under a different rule, what ICD and DCLSA sought and failed to obtain in opposing consolidated briefing. Their memoranda argue that each movant "is entirely unrelated to the other named defendants," that its motion to dismiss rests on matters "unique to" it, and that joint proceedings would force it into "prolonged discovery, depositions, and pretrial proceedings involving completely unrelated defendants." ECF No. 92, at 1-3; ECF No. 95, at 1-3.

The Court considered the movants' position that the defendants differ and answered it in ECF No. 107, not by separating the defendants, but by requiring Relator to identify which arguments apply to which defendant. ECF No. 107, at 1-2. Severing ICD and DCLSA now would remove from the consolidated briefing two of the three motions the Court named for it, ECF Nos. 77 and 80, before Relator has filed the brief the Court authorized. Nothing in the motions to sever suggests a circumstance the Court did not have before it when it ruled.

The movants' motions to dismiss confirm the Court's finding. ICD's and DCLSA's supporting memoranda are, save for the movant's name and a few passages relating to DCLSA's private-club status, the same document, and both describe Relator's claims as "pleaded the same way against every defendant." ECF No. 77-1, at 3; ECF No. 80-1, at 3. Their grounds for dismissal, among them the public-disclosure bar founded on SBA's published loan data, are the same as those advanced by other defendants in this action.

In short, the movants assert in the motion to dismiss that the claims against it are pleaded the same way as the claims against every other defendant, while asserting in the motions sub judice that those claims share no logical or factual nexus. The two positions cannot be reconciled.

**II. Joinder of the Defendants Satisfies Rule 20(a)(2).**

Rule 20(a)(2) permits defendants to be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The claims against the defendants arise out of a series of transactions. Each defendant applied for and received a loan under one federal program, administered by one agency, by submitting the same SBA-prescribed application form and making the same certification of eligibility under the same rules, and each obtained forgiveness through the same certification.

Compl. ¶¶ 74-79, 94-95. Relator alleges that each certification was false for the same reasons: the defendant's tax-exempt status under a subsection of section 501(c), or its status as a private club, placed it outside the eligibility rules of the PPP Program on the date of its loan. *Id.* ¶¶ 80-89, 97. The Supreme Court upheld joinder in similar circumstances in *United States v. Mississippi*, where six county registrars, sued for what the district court had characterized as "individual torts committed by them separately with reference to separate applicants," were held properly joined because they "were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended to a large extent upon 'question[s] of law or fact common to all of them.'" 380 U.S. 128, 142-43 (1965).

The complaint in *Mississippi* also alleged that the registrars acted as part of a state-wide system, *id.*, at 142, and Relator does not allege that the defendants here acted in concert. But Rule 20 does not require concert of action. It expressly contemplates rights to relief asserted against defendants "severally," and it provides that the Court "may grant judgment . . . against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(2)(A), (a)(3). The teaching of *Mississippi* is that separate acts by separate defendants form a single series when their validity turns on common questions, just as in the case at bar.

Common questions of law will arise as to every defendant: whether organizations exempt under each of the subsections at issue were eligible for PPP loans on the dates of the defendants' loans, what the SBA-prescribed certifications meant, whether misstatements of eligibility were material to SBA's guarantee and forgiveness decisions, whether the reverse-false-claim provision reaches the retention of forgiven loans, and whether the public-disclosure bar, 31 U.S.C. § 3730(e)(4), forecloses claims drawn from SBA's published loan data. ICD and DCLSA press the last of those questions in terms that would apply equally to every defendant, and each asks the

Court to take judicial notice of the same SBA loan data and PandemicOversight.gov dashboard. ECF No. 77-1, at 25; ECF No. 80-1, at 25. The movants do not argue that Rule 20(a)(2)(B) is unsatisfied. They contend only that, "[e]ven if a technical common question of law exists," the Court should sever in its discretion. ECF No. 92, at 3; ECF No. 95, at 3.

The invoked by the movants do not warrant severance at this stage. They say that their motions to dismiss rely on the "professional preparation" and "subjective intent" of their agents, the "actual specific representations" on their applications, and "the rules applicable at the time" of their applications. ECF No. 92, at 2; ECF No. 95, at 2. The first three of those items are all factual questions ineligible for resolution on a motion to dismiss, where the facts alleged must be accepted as true and viewed in the light most favorable to the plaintiff. *E.g.*, *Tobey v. Jones*, 706 F.3d 379, 387-90 (4th Cir. 2013). The rules in effect on a given date present a question of law common to every defendant whose loan was approved on or about that date. Scienter will in time require proof particular to each defendant, but that is true of every action against multiple defendants, and Rule 20(a)(3) contemplates judgments according to each defendant's liability. ECF No. 107 already ensures that any argument particular to ICD or DCLSA will be addressed as such.

The movants misrepresent both the provenance and the substance of the only two cases they cite in support of their position, falsely presenting them as decisions of this Court and of the Fourth Circuit. The memoranda assert that "*[i]n the District of Maryland*, joinder is strictly construed against a plaintiff when the targets are unrelated actors," and that "[c]ourts *in this district* frequently hold" that separate transactions by independent entities are not the same transaction or occurrence. ECF No. 92, at 3; ECF No. 95, at 3 (emphasis added). For those propositions they cite two cases, designating the first "(D. Md. 2003)" and the second "(4th Cir. 2006)." *Id.* Both designations are inaccurate. *DirecTV, Inc. v. Armellino*, 216 F.R.D. 240 (E.D.N.Y. 2003), was

decided by the Eastern District of New York, not by the District of Maryland. Its plaintiff sued ten individuals for intercepting its satellite programming, each in "a separate and discrete incident," and the court held joinder improper because such claims "turn on the fact-specific question of whether each defendant intercepted DIRECTV's broadcasts" and there was "neither a 'common transaction or occurrence' nor 'common question of law.'" *Id.*, at 240-41. At this stage of the instant case, by contrast, the pending and impending motions to dismiss turn solely on questions of law largely common to every defendant. *Saville v. International Business Machines Corp.*, 188 F. App'x 667 (10th Cir. 2006), is an unpublished decision of the Tenth Circuit, not the Fourth Circuit, affirming summary judgment for an employer on a claim under the Fair Labor Standards Act. It does not address joinder or Rule 21 at all. The movants' memoranda cite no other decision, from this Court or from any other, for the proposition that joinder is improper here. The identity of the court that rendered a decision is no mere formality of citation, for it tells the Court whether the authority binds it. But for the mis-cited cases, the motions to sever rest on assertion alone.

## III. Severance at the Pleading Stage Would Be Premature and Would Multiply, Not Reduce, the Proceedings.

The prejudice the movants describe, "massive expenses for prolonged discovery, depositions, and pretrial proceedings," and the risk of jury confusion at "a joint trial," ECF No. 92, at 3; ECF No. 95, at 3, is entirely prospective, and would not arise until after adjudication of the motions to dismiss. No discovery has begun, no scheduling order has issued, and the motions to dismiss are not yet fully briefed. Following decision on the motions to dismiss, the Court enjoys multiple case-management tools to mitigate any adverse effects from ongoing consolidation. Rule 20(b) authorizes "orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Rule 21 empowers

the Court to "sever any claim against a party." Rule 42(b) permits separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 20(b), 21, 42(b). Those tools answer the movants' concerns, if and when they materialize, without dividing the action now. As noted above, Relator may not be averse to, and may seek, severance of defendants after the motions to dismiss are resolved.

Severance would also defeat the Court's finding of judicial economy from consolidation at this stage. Carried to its logical conclusion, the movants' theory would entitle each of the other defendants to a separate action, and the result would be scores of actions, each with a separate docket and a separate round of briefing on the same legal questions. That is the multiplicity of lawsuits Rule 20 exists to prevent. Nor would severance evidently lighten the movants' burden. Each would litigate the same questions alone, rather than alongside defendants with which it may share briefing.

## CONCLUSION

For the foregoing reasons, the motions to sever of International College of Dentists—United States of America Chapter (ECF No. 91) and Deep Creek Lake Sailing Association (ECF No. 94) should be denied.

Respectfully submitted,

*/s/ Bruce Ellis Fein*

Bruce Ellis Fein
MDD Bar Number 31261
Bruce Ellis Fein PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator The Tarbell Group, LLC*