IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

UNITED STATES EX REL.
THE TARBELL GROUP, LLC,

Plaintiff,

v.

AMERICAN ACADEMY OF ENVIRONMENTAL ENGINEERS AND SCIENTISTS, INC., *et al.*,

Defendants.

Civ. No. 1:25-cv-00915-MJM

**DEFENDANT INTERNATIONAL COLLEGE OF DENTISTS'S REPLY TO RELATOR'S OPPOSITION TO THE MOTION TO SEVER**

Defendant International College of Dentists replies to the Relator's opposition to the Motion to Sever and states as follows.

Relator correctly identifies that the original memorandum in support of the motion to sever miscites two cases. Upon review, it appears that the final version of the memorandum inadvertently included cases from research in other circuits and the correct cases that were meant for the memorandum were not included and parts of each citation were a combination of cases. Counsel has not yet determined how this occurred. To the extent this error caused any party difficulty, counsel apologizes. However, the underlying principles cited in the memorandum in support of the motion to sever remain valid.

Contrary to the Respondent's assertion, joinder of the Defendants does not satisfy Rule 20(a)(2). As noted, Rule 20(a)(2) permits defendants to be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising

out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)

Applying a textualist approach to the interpretation of the Rule, it is clear that the claims against International College of Dentists do not arise out of the same transactions as any other claim, they do not address the same occurrence of any claim, nor do they address a series of transactions or occurrences. These are prerequisites under the statute and the application of part B of the rule requires these prerequisites be met.

In determining a motion to sever, the U.S. Court of Appeals for the Fourth Circuit has identified the threshold inquiry a court should consider:

> [W]hether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)

In 2007, this Court recognized:

> [A] presumption in favor of the nonmoving party that all claims in a case will be resolved in a single trial and not be severed, placing the burden on the party moving for severance to show that (1) it will be severely prejudiced without a separate trial; and (2) the issue to be severed is so "distinct and separable" from the others that a trial of that issue alone may proceed without injustice.

*Equal Rights Ctr. v. Equity Residential*, 483 F.Supp.2d 482, 489 (D.Md. 2007)(internal citations omitted).

Each of the four factors identified in *Arnold*, *supra*, align in favor of severance for International College of Dentists (ICD). Here the risk of prejudice and possible confusion is great, especially with the magnitude of defendants in the case. ICD is a non-profit entity with a modest annual budget. It took steps in consultation with its accounting advisors. It acted after

reviewing specific interim rules put forth by the SBA. The likelihood of prejudice and confusion is great in the event that a significant number of the other defendants did not take similar prophylactic measures prior to obtaining PPP loans. The risk of being corralled with defendants who do not share the same fact pattern and defenses is significant. The misconduct alleged against ICD is based on a different set of facts from each other Defendant. This difference increases the risk of prejudice and jury confusion when tried together. See *Engler v. Harris Corp.*, Civil Action No. GLR-11-3597, 2012 U.S. Dist. LEXIS 149747, at *10 (D. Md. Oct. 18, 2012)

In *Engler*, this Court noted that although there were similarities between a multitude of plaintiffs' claims, each plaintiff claim was submitted under a separate and distinct set of facts. *Id*. at 11. The alleged misconduct is the present case is neither virtually identical from Defendant to Defendant, nor did the alleged claims arise from the same transaction or occurrence.

Additionally, a combined law suit places an undue burden on ICD and its witnesses, especially as litigation continues. ICD must evaluate every motion filed by each of the 60 plus defendants to see if the motion is applicable to its particular set of circumstances. The burden is heavy on ICD and its witnesses. Participation in litigation that largely does not involve ICD activity is excessively costly and time consuming. ICD's witnesses are not shared by any other party. Further the burden is significant on the Court to ensure fairness to all parties. When 60 plus defendants are combined in one case, it is almost an impossible burden for the Court to segregate each claim and focus on each defendant and afford them the review and due process required. Severance would allow ICD to limit its expenditure of resources to issues involving ICD and the Court to only focus on the issues involving ICD.

The realities of protracted multi-defendant litigation also suggests that the length of time required to conclude multiple suits is shorter than the time necessary to conclude a single case. The coordination of schedules for 60 plus Defendants and their counsel, the time to permit depositions involving 60 plus Defendants, should the cases survive motions to dismiss, all suggest a lengthy and extensive time for the adjudication of the case as currently set forth. Severance removes this issue.

Lastly, the Fourth Circuit has focused on the relative expense to all concerned of the single-trial versus multiple-trial alternatives. The cost to ICD can only be greater if it continues to be embroiled in a case with 60 plus Defendants. The responsibility of counsel to monitor the litigation is an added and unnecessary expense.

Further, contrary to the Relator's position, *United States v. Missippi*, 380 U.S. 128 (1965) is not instructive. There, the complaint charged that six registrars had acted and were continuing to act *as part of a state-wide system* designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color. "On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20 (a) of the Federal Rules of Civil Procedure" (*Id*., at 142) because of the coordination of the activities of the Defendants. Here, there is no such allegation of commonality or coordination.

More instructive is *Mveng-Whitted v. Va. State Univ.*, No. 3:11-CV-00842-JAG, 2012 U.S. Dist. LEXIS 120763, 2012 WL 3686285, at *1 (E.D. Va. Aug. 24, 2012) where the Eastern District of Virginia noted that the same-transaction-or-occurrence "requirement is not met simply by bringing the same legal claims against the same defendants" and severed discrimination claims brought by two different plaintiff when the factual allegations were distinct. This is also

consistent with *Raw Films, Ltd. v. Does 1-32*, No. 3:11 CV532-JAG, 2011 U.S. Dist. LEXIS 114996, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011) where the Eastern District of Virginia also noted that "[m]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." (citation omitted))

In *Dieter Canaza v. Platek*, No. 25-303-BAH, 2026 LX 165863, at *21 (D. Md. Mar. 24, 2026), Judge Hurson, in granting severance, noted that “the unreasonable delay (and mandamus) claims of each Plaintiff involve similar legal questions and parallel factual allegations, but they do not arise out of the same transaction or occurrence.” The Court then noted that even given the flexibility of the standard, that “there is no apparent connection between [the plaintiffs]…” *Id.*, at *22 Similarly here, there is no apparent connection between the Defendants.

In *Dig. Sin, Inc. v. Doe*, No. PJM 12-24, 2012 U.S. Dist. LEXIS 64367, at *4 (D. Md. May 8, 2012), Judge Messitte found that Digital Sin's joinder of 88 John Doe defendants was improper because Digital Sin alleged only that the defendants swapped the same hash-identified piece of its copyrighted film via BitTorrent over several weeks, but never alleged the defendants downloaded or uploaded files exclusively among themselves or acted in concert, and BitTorrent's distributed nature meant defendants likely obtained pieces from non-party users, making their conduct unrelated albeit similar. Thus the first prong of permissive joinder was not satisfied. Similarly here, the 60 plus defendants are not alleged to have acted in concert or had any knowledge of each other. Thus the first prong of permissive joinder is not satisfied.

Regardless of whether common questions of law will arise as to every defendant, the application of that law to the facts associated with each defendants’ actions established that there is not a common occurrence. Severance is warranted.

Contrary to the Relator's assertion that severance is not warranted at this stage, severance of misjoined parties is available to the Court "at any time." *Dieter*, *supra*, at *27 (citing to Fed. R. Civ. P. 21) The arguments referenced by the Relator are taken directly from ICD's motion to dismiss. The fact that scienter may be common to all motions to dismiss does not equate to a common analysis for the Court. ICD's facts relating to scienter are specific to ICD. The theoretical argument on the motion to dismiss does not change by severance. There is no prejudice to Relator to award severance at this juncture and there is prejudice to ICD to fail to do sever.

Severance at this stage does not multiply the proceedings for the ICD. It contains them and limits the expense and time of its counsel in being involved in a multiparty case. The elements as set forth by the Fourth Circuit support severance.

Lastly, the Relator spends much of his time focused on the alleged applicability of specific laws to all defendants. However, Rule 20 is bound by the conjunctive "and". The applicability of law common to many defenses cannot be the driver in the absence of a common transaction or occurrence. ICD prays that the motion be granted.

Dated: October 26, 2026.

Respectfully Submitted,
International College of Dentists
By Counsel

WESTLAKE LEGAL GROUP

/s/ Thomas K. Plofchan, Jr.
By: Thomas K. Plofchan, Jr., VSB #34536
46175 Westlake Drive, Suite 320
Potomac Falls, Virginia 20165
Telephone: 703-406-7616; Facsimile: 703-444-9498
Email: tplofchan@westlakelegal.com
*Counsel for Defendant ICD*
*Pro Hac Vice*

Kevin Karpinski
Karpinski, Cornbrooks & Karp, P.A.
120 E. Baltimore St. # 1850
Baltimore, MD 21202
Telephone: (410) 727-5000
Fax: (410) 727-0861
kevin@bkcklaw.com
*Sponsoring Attorney*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26 day of October, 2026, a copy of the foregoing document was served electronically via the CM/ECF system to:

Bruce Ellis Fein, Esquire
Bruce Ellis Fein PLLC
P.O. Box 506
Great Falls, Virginia 22066
*Attorney for Relator*

And all other represented parties

/s/ Thomas K. Plofchan, Jr.
Thomas K. Plofchan, Jr.