**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA *ex rel*** | : | |
| **THE TARBELL GROUP, LLC** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No.: 1:25-cv-00915-MJM** |
| **v.** | : | |
| | : | |
| **INTERSOCIETAL ACCREDITATION** | : | |
| **COMMISSION, INC. *et. al,*** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT**
**INTERSOCIETAL ACCREDITATION COMMISSION, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

CARR MALONEY P.C.
J. Peter Glaws, IV, USDC for MD No. 19258
Elise Levy, USDC for MD No. 32499
2000 Pennsylvania Avenue, NW,
Suite 8001
Washington, D.C. 20006
202-310-5500 (Telephone)
202-310-5555 (Facsimile)
Peter.Glaws@carrmaloney.com
Elise.levy@carrmaloney.com
*Counsel for Defendant Intersocietal Accreditation Commission, Inc.*

November 19, 2026

# TABLE OF CONTENTS


PRELIMINARY STATEMENT .......... 1

BACKGROUND AND FACTUAL ALLEGATIONS .......... 2

LEGAL STANDARD .......... 3

I. Rule 4(m) .......... 3

II. Rule 12(b)(6) .......... 3

III. The False Claims Act .......... 3

ARGUMENT .......... 4

I. Plaintiff failed to timely serve Defendant Intersocietal Accreditation Commission, Inc., and thus its Amended Complaint should be dismissed. .......... 4

II. The Amended Complaint fails to state a claim under Rule 12(b)(6). .......... 5

III. The Public Disclosure Bar of the False Claims Act Bars All Plaintiff's Claims Against IAC .......... 8

A. All pertinent information was publicly disclosed. .......... 9

1. IAC's PPP loans were disclosed publicly prior to Plaintiff's claims. .......... 9

2. IAC's status as a 501(c)(6) was publicly disclosed prior to Plaintiff's claims. .......... 10

3. The legal basis of Plaintiff's claim is publicly published prior to Plaintiff's claims. 11

B. Plaintiff alleges substantially the same allegations and transactions that were publicly disclosed. .......... 11

C. Plaintiff is not an original source. .......... 12

CONCLUSION .......... 13

## TABLE OF CITATIONS


| **Cases** | **Page(s)** |
|---|---|
| *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) | 3, 5 |
| *Doe #1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75 (D.D.C. 2021) | 3 |
| *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999) | 6, 7 |
| *Jones v. Ramos*, 12 F.4th 745 (7th Cir. 2021) | 5 |
| *Osheroff v. Humana, Inc.*, 776 F.3d 805 (11th Cir. 2015) | 10 |
| *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401 (2011) | 9, 10, 11 |
| *U.S. ex rel. Animal Legal Def. Fund v. Holden Farms, Inc.*, No. 21-2061, 2024 WL 2728451 (D. Minn. May 24, 2024) | 8 |
| *U.S. ex rel. Beauchamp v. Academi Training Ctr.*, 816 F.3d 37 (4th Cir. 2016) | 1, 8, 9, 10, 11 |
| *U.S. ex rel. Black v. Health & Hosp. Corp. of Marion Cnty.*, 494 F. App'x 285 (4th Cir. 2012) | 12 |
| *U.S. ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190 (4th Cir. 2018) | 6 |
| *U.S. ex rel. Joseph v. Cannon*, 642 F.2d 1373 (D.C. Cir. 1981) | 12 |
| *U.S. ex rel. Lasko v. Minn. Orchestral Ass'n*, No. 23-3216, 2025 U.S. Dist. LEXIS 135122 (D. Minn. July 16, 2025) | 11 |
| *U.S. ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739 (2023) | 7 |
| *U.S. ex rel. Sheldon v. Forest Labs., LLC*, 499 F. Supp. 3d 184 (D. Md. 2020) | 8 |
| *U.S. ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645 (D.C. Cir. 1994) | 11 |
| *U.S. ex rel. Taylor v. Boyko*, 39 F.4th 177 (4th Cir. 2022) | 6 |
| *U.S. ex rel. The Tarbell Group, LLC v. Adams Cmty. Econ. Dev. Corp.*, No. 4:25-cv-00119 (S.D. Iowa) | 13 |
| *U.S. ex rel. The Tarbell Group, LLC v. Bristol TN-VA Ass'n of Realtors*, No. 1:25-cv-00111 (E.D. Tenn.) | 13 |
| *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337 (4th Cir. 2009) | 12 |

*United States v. Uhler*, No. 2:23-CV-00499, 2025 WL 4350115 (C.D. Cal. Oct. 6, 2025) 10

*Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176 (2016) 7, 8

*WP Co. v. U.S. Small Bus. Admin.*, 502 F. Supp. 3d 1 (D.D.C. 2020) 9

**Statutes**

26 U.S.C. § 6104 11

31 U.S.C. § 3729(a)(1)(A), (B), (G) 4, 6

31 U.S.C. § 3729(b)(1)(A) 7

31 U.S.C. § 3729(b)(4) 8

31 U.S.C. § 3730(e)(4)(A) 8, 9, 10, 13

31 U.S.C. § 3730(e)(4)(B) 12

Pub. L. No. 116-136, § 1102, 134 Stat. 281 11

Pub. L. No. 117-2, § 5001, 135 Stat. 4 11

85 Fed. Reg. 20811 11

**Rules**

Fed. R. Civ. P. 4(m) 1, 3, 4, 5, 13

Fed. R. Civ. P. 8(a) 7

Fed. R. Civ. P. 9(b) 1, 6, 7

Fed. R. Civ. P. 12(b)(6) 1, 3, 5, 13

**PRELIMINARY STATEMENT**

The Tarbell Group, LLC's Amended Complaint is precisely the type of "parasitic lawsuit" against which the drafters of the False Claims Act warned. *U.S. ex rel. Beauchamp v. Academi Training Ctr.*, 816 F.3d 37, 40 (4th Cir. 2016). In March 2025, Plaintiff filed a *qui tam* action under the False Claims Act against 69 different Defendant organizations, including research nonprofits, community groups such as swim and golf clubs, organizations for midwives, electrical contractors, dentists, and other groups. After almost a year of inaction and multiple orders to show cause, Plaintiff filed an Amended Complaint to reinvigorate its claims against the Defendants using boilerplate language to capitalize financially on publicly disclosed information. This Court is asked to accept one template, copied sixty-nine times, as a claim against Defendant Intersocietal Accreditation Commission, Inc. ("IAC"). But under the circumstances, if there is a poster child for a complaint that fails even the most generous pleading standards, much less the standards governing fraud, this is it.

As explained more fully below, the Court should dismiss all claims against Defendant IAC for three independent reasons. First, Plaintiff failed to serve IAC within the time prescribed by Fed. R. Civ. P. 4(m) and the Court's Order on service, requiring the Court to dismiss the Amended Complaint as a matter of law. Second, under Fed. R. Civ. P. 12(b)(6), the Complaint fails to state a claim upon which relief may be granted because it fails to plead fraud with particularity as required by Rule 9(b). And third, Plaintiff's claims are barred by the Public Disclosure Bar of the False Claims Act ("FCA") because all relevant information was publicly disclosed, Plaintiff's allegations are the same as the publicly disclosed transactions, and because Plaintiff is not an original source.

## BACKGROUND AND FACTUAL ALLEGATIONS

Plaintiff filed its *qui tam* action on March 19, 2025. ECF 1. In February 2026 and March 2026, respectively, the Court entered two separate Orders to Show Cause why Plaintiff's complaint should not be dismissed. ECF 3 and 4. On March 13, 2026, nearly one year after filing its original complaint, Plaintiff explained that the Government had not intervened after being served with the complaint on May 28, 2025. ECF 5. Accordingly, on March 17, 2026, the Court ordered that the case be unsealed and that Plaintiff serve process on the Defendants. By June 26, 2026, Plaintiff had still not served the Defendants, and the Court issued another Order to show cause why the Complaint should not be dismissed. ECF 7. On July 9, 2026, Plaintiff filed its Amended Complaint and a response to the Order to show cause the same day. ECF 8, 9. On July 13, 2026, the Court accepted Plaintiff's responses to the Order to Show Cause entered on June 26, 2026, and ordered Plaintiff to effect proper service upon all Defendants within 90 days of filing its Amended Complaint. ECF 10. Under the Court's July 13th Order, the deadline to serve was October 7, 2026. *Id.* Plaintiff did not serve Defendant IAC until October 9, 2026 and did not otherwise request any extension of the October 7, 2026 deadline. ECF 113.

Plaintiff alleges all Defendants in some way applied for Paycheck Protection Program ("PPP") loans during the COVID-19 pandemic while ineligible, and asserts that all Defendants completed, signed and submitted applications where they certified that they were in fact eligible to receive a PPP loan. ECF 8. These loans were then forgiven by the government. *Id.* The Intersocietal Accreditation Commission, Inc. is a nonprofit that advances appropriate utilization, standardization, and quality of diagnostic imaging, interventional, and therapeutic procedures. IAC Mission & History, https://intersocietal.org/company-mission/ (visited Nov. 9, 2026). Plaintiff alleges that IAC, as a 501(c)(6) nonprofit, was ineligible for a PPP loan until December 27, 2020,

and, prior to that eligibility date, it "applied for and received a first-draw PPP Loan" with a certification that "was false and known by the certifying defendant…to be false within its meaning of the False Claims Act." ECF 8, ¶¶ 82, 93, 97.

## LEGAL STANDARD

### I. Rule 4(m)

Under Federal Rule of Civil Procedure 4(m), a defendant may move to dismiss a complaint when the plaintiff fails to serve process within the prescribed time limit. The time limit to serve a Defendant within the United States is 90 days after the complaint is filed.

### II. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff's complaint "must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Doe #1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 92 (D.D.C. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court should grant a motion to dismiss if, accepting the well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678. Inferences that are unsupported by facts, or legal conclusions cast in the form of factual allegations, should not be accepted as true for purposes of a motion to dismiss. *Doe #1*, 554 F. Supp. 3d at 75.

### III. The False Claims Act

The FCA imposes civil liability on one who: (A) knowingly presents, or causes to be presented [to the government] a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;… (G) knowingly makes, uses, or causes to be made

or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government....” 31 U.S.C. § 3729(a)(1)(A), (B), (G).

## ARGUMENT

### I. Plaintiff failed to timely serve Defendant Intersocietal Accreditation Commission, Inc., and thus its Amended Complaint should be dismissed.

Under Rule 4(m) of the Federal Rules of Civil Procedure, “[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.” Fed. R. Civ. P. 4(m). However, “if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.” *Id.* Plaintiff originally filed its Complaint on March 19, 2025. ECF 1. On March 5, 2026, almost one year after its original Complaint was filed, the Court ordered Plaintiff (for a second time) to show cause as to why the Complaint should not be dismissed due to its inaction. ECF 4. The Court issued a third Order to show cause on June 26, 2026, and Plaintiff responded on July 9, 2026 by filing an Amended Complaint. ECF 5, 8. On July 13, 2026, this Court ordered Plaintiff to effect proper service upon all Defendants within 90 days of filing the Amended Complaint. ECF 10.

Plaintiff has continuously shown a failure to abide by this Court’s deadlines. After almost one year of inaction, including failure to serve any of the 69 Defendants, Plaintiff filed an Amended Complaint to preserve the claims on July 9, 2026. ECF 8. Under Fed. R. Civ. P. 4(m), Plaintiff was required to serve the Defendants within 90 days. Consistent with the 90-day deadline to serve, the Court also ordered Plaintiff to “effect proper service of process (or secure waivers of service) within 90 days of [filing the Amended Complaint]”. ECF 10. Thus, under both the Federal Rules

and this Court's order, Plaintiff was required to serve all Defendants on or before October 7, 2026. Fed. R. Civ. P. 4(m); ECF 10.

Plaintiff did not serve IAC by the deadline. Rather, Plaintiff served IAC on October 9, 2026. ECF 113. Plaintiff therefore clearly served IAC outside of the timeline required by the rules and this Court's Order. And Plaintiff has offered no adequate reason for the delay. On the contrary, Plaintiff has been given multiple chances and ample time to serve IAC but failed in each instance.

Under the plain language of Rule 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court . . . *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). The Court has already twice issued orders that Plaintiff shall serve the Defendants within a specified period. ECF 6, 10. In each instance, Plaintiff failed to timely serve IAC. Most recently, Plaintiff was required by Federal Rules and this Court's Order to serve IAC on or before October 7, 2026, but did not do so. Plaintiff should not get a third bite at the apple, and the only appropriate course is to dismiss the Amended Complaint against IAC for failure to timely serve. Fed. R. Civ. P. 4(m). *See Jones v. Ramos*, 12 F.4th 745, 749, 751 (7th Cir. 2021) (affirming trial court's dismissal when a plaintiff "missed three opportunities to serve the defendants over the course of approximately 240 days" with no good cause for the delay, and further recognizing "when the statute of limitations is about to expire [a Plaintiff] must take special care to achieve timely service of process because a slip-up can be fatal").

## II. The Amended Complaint fails to state a claim under Rule 12(b)(6).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where, as here, a plaintiff alleges fraud, the "claim is subject to Federal Rule of

Civil Procedure 9(b), which requires that claimants plead fraud with particularity." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783–84 (4th Cir. 1999) (citing Rule 9(b)). This means that Plaintiff must state "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison*, 176 F.3d at 784. Rule 9(b) serves to:

> ensure[] that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of.... Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

*Id.* (internal citations omitted).

In this case, Plaintiff alleges that IAC committed fraud by making a false claim to the government in violation of 31 U.S.C. § 3729(a)(1)(A). A False Claims Act claim requires four elements: (1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due. *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 188 (4th Cir. 2022). Each element of the claim must be pled with specificity under Rule 9(b). *United States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 196 (4th Cir. 2018).

The Amended Complaint falls woefully short of Rule 9(b)'s particularity requirements. Instead, the Amended Complaint merely repeats the same refrain against multiple defendants, including IAC, namely that it was a 501(c)(6) entity, applied for a PPP loan, and such loan was forgiven. ECF 8, ¶ 22.

Regarding the first element, "a false statement or fraudulent course of conduct," the Amended Complaint does nothing more than make the same generic statement for each of the Defendants that "each such certification was false and known by the certifying defendant and the

individual defendants acting on its behalf to be false within the meaning of the False Claims Act." ECF 8, ¶ 97. The Amended Complaint fails to show "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison*, 176 F.3d at 784. Such generalized pleading fails to state a claim under the notice standards of Rule 8(a), much less the heightened standard set by Rule 9(b).

For the second element, the False Claims Act maintains a high bar for scienter, requiring a pleading of "'actual knowledge of the information,' 'acts in deliberate ignorance of the truth or falsity of the information,' or 'acts in reckless disregard of the truth or falsity of the information.'" *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 182 (2016) (quoting § 3729(b)(1)(A)). This knowledge is assessed based on the defendant's own "knowledge and subjective beliefs—not to what an objectively reasonable person may have known or believed." *United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023).

Plaintiff's conclusory allegations fall far short of this standard. The Amended Complaint asserts only that "[e]ach institutional defendant, by and through the individual defendants who acted on its behalf, applied for and received one or more PPP Loans for which it was legally ineligible." ECF 8, ¶ 88. The boilerplate language, applied identically to every defendant, says nothing about what IAC itself knew or believed. Plaintiff never alleges that IAC had "actual knowledge," acted with "deliberate ignorance," or acted in "reckless disregard of the truth or falsity of the information." *Universal Health Servs., Inc.*, 579 U.S. at 182. Because the Amended Complaint pleads no mental state on the part of IAC at all, the scienter element fails, and Plaintiff's claims against IAC should be dismissed.

Finally, to plead materiality, Plaintiff must show conduct that "ha[s] a natural tendency to influence, or [is] capable of influencing, the payment or receipt of money or property," 31 U.S.C.

§ 3729(b)(4). Materiality "cannot be found where noncompliance is minor or insubstantial." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176 (2016). Again, Plaintiff improperly relies on conclusory allegations, simply saying the Defendants' allegedly false PPP loan certifications were "material to" the approval and disbursement of each PPP loan. ECF 8, ¶ 78. Such bald statements are insufficient under *Escobar* and fail to demonstrate how the certification was material. In fact, any materiality of this statement was disregarded by the United States Government during the PPP loan process, and the loans were forgiven regardless. *See United States ex rel. Animal Legal Defense Fund v. Holden Farms, Inc.*, No. 21-2061 (JRT/DJF), 2024 WL 2728451, at *12–13 (D. Minn. May 24, 2024) ("holding that the government must have known that some loan recipients would run afoul of their broad attestation of legal compliance, yet it still dispersed [sic] nearly $800 billion under the PPP with minimal oversight. . . . ").

At its core, the Amended Complaint does nothing more than parrot the elements of the cause of action and does not state a claim upon which relief may be granted. The Amended Complaint, as it relates to IAC, should therefore be dismissed in full.

## III. The Public Disclosure Bar of the False Claims Act Bars All Plaintiff's Claims Against IAC.

While the FCA permits private relators to sue on the Government's behalf, the claim must be dismissed "if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed…" 31 U.S.C. § 3730(e)(4)(A). This is to "prevent parasitic lawsuits based on previously disclosed fraud." *U.S. ex rel. Beauchamp v. Academi Training Ctr*., 816 F.3d 37, 40 (4th Cir. 2016). Courts look to: (1) whether there was a qualifying public disclosure; (2) whether the relator's allegations are substantially the same as the publicly disclosed allegations or transactions; and (3) whether the relator is an original source. *See United States ex rel. Sheldon v. Forest Labs., LLC,* 499 F. Supp. 3d 184, 204–05 (D. Md. 2020). Each element is present under the

facts of this case, requiring dismissal.

A. All pertinent information was publicly disclosed.

1. IAC's PPP loans were disclosed publicly prior to Plaintiff's claims.

The Public Disclosure Bar considers public disclosures as "(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). "[N]ewspaper articles, scholarly publications, FDA Notice, and annual report, all of which were published on public websites, constitute 'news media.'" *Id.* (citing *U.S. ex rel. Beauchamp*, 816 F.3d at 43 n.6). Essentially, "[a] 'report' is 'something that gives information' or a 'notification.'" *Schindler Elevator Corp. v. U.S. ex rel. Kirk,* 563 U.S. 401, 408 (2011).

When Plaintiff filed its claims against IAC, its allegations had been public for at least five months (and in reality for many years). The Small Business Administration publishes loan data for every PPP loan in a free, searchable dataset on its website, https://data.sba.gov/dataset/ppp-foia. Paycheck Protection Program (PPP) FOIA, https://data.sba.gov/dataset/ppp-foia. The dataset was created on March 3, 2021 and released to the public after news organizations prevailed in Freedom of Information Act litigation against the SBA. *See WP Co. v. U.S. Small Bus. Admin*., 502 F. Supp. 3d 1, 27–28 (D.D.C. 2020). The SBA has since updated the dataset to add later loans and forgiveness information, and it was last modified on October 21, 2024. This was five months before Plaintiff filed suit. ECF 1.

IAC's loan information appears in SBA's data files for loans of $150,000 or more. Public 150k Plus, Small Business Administration, https://data.sba.gov/dataset/ppp-foia. This includes

IAC's name and address, the loan number, the approval date, the loan amount, the lender, the forgiveness date, the forgiveness amount, the business type, and the industry classification code. *Id.* Those are the same data points that appear in the Plaintiff's loan table. *Compare id. with* ECF 8. The SBA dataset is a "Federal report" within the meaning of the bar and is clearly something that "'gives information' or a 'notification.'" 31 U.S.C. § 3730(e)(4)(A); *Schindler Elevator Corp.*, 563 U.S. at 408. Plaintiff's claims against IAC were published in a qualifying public disclosure.

Additionally, IAC's PPP loan information was published publicly by the news media as well. The term "public" "include websites and online articles." *U.S. ex rel. Beauchamp*, 816 F.3d at 43 n.6 (citing *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 408 (2011), and *Osheroff v. Humana, Inc.*, 776 F.3d 805, 813 (11th Cir. 2015)). ProPublica, an "independent, nonprofit newsroom," has maintained a free, searchable PPP loan database since July 2020, which republishes the SBA's loan-level data, including the data for IAC's loan. About Us, https://www.propublica.org/about; Tracking PPP, ProPublica, https://projects.propublica.org/coronavirus/bailouts/.

ProPublica's PPP database, in particular, has been held to be news media for purposes of the Public Disclosure Bar. *United States v. Uhler*, No. 2:23-CV-00499-CAS-MBKX, 2025 WL 4350115, at *5 (C.D. Cal. Oct. 6, 2025). IAC's PPP loan information, including the loan amount and the amount forgiven, has been published on ProPublica's database and cites the SBA's database as its source. *Intersocietal Accreditation Commission*, ProPublica, https://projects.propublica.org/coronavirus/bailouts/loans/intersocietal-accreditationcommission-6098827401. Plaintiff's claims against IAC were published in a qualifying public disclosure.

2. IAC's status as a 501(c)(6) was publicly disclosed prior to Plaintiff's claims.

IAC's status as a 501(c)(6) corporation is a matter of public record. Federal law requires

the Internal Revenue Service to make information about tax-exempt organizations available to the public. 26 U.S.C. § 6104. The IRS publishes its Exempt Organizations Business Master File Extract, a downloadable, state-by-state dataset that identifies each exempt organization and the Internal Revenue Code subsection under which it is exempt. Tax Exempt Organization Search, IRS, https://apps.irs.gov/app/eos/. The IRS Tax Exempt Organization Search tool identifies IAC, including its tax filings, since 2015. *Id.* The IRS tool is a federal report that has been published publicly since at least 2015. *See Schindler*, 563 U.S. at 407-08; *Beauchamp*, 816 F.3d at 43 n.6; *see also United States ex rel. Lasko v. Minn. Orchestral Ass'n*, No. 23-3216, 2025 U.S. Dist. LEXIS 135122, at *8–9 (D. Minn. July 16, 2025) (treating IRS Forms 990 made available online as federal reports). IAC's status as a 501(c)(6) corporation was publicly disclosed.

3. The legal basis of Plaintiff's claim is publicly published prior to Plaintiff's claims.

The legal component of Plaintiff's claims was publicly published because it is public law. Plaintiff claims IAC applied for a PPP loan when not eligible as a 501(c)(6) organization. ECF 8, ¶¶ 22, 82. This theory is derived from the CARES Act, the SBA's interim final rules published in the Federal Register, and the American Rescue Plan Act of 2021. *See* Pub. L. No. 116-136, § 1102, 134 Stat. 281; 85 Fed. Reg. 20811; Pub. L. No. 117-2, § 5001, 135 Stat. 4. Indeed, the "Eligible Date" column in Plaintiff's loan table simply applies those published dates to each defendant's published tax-exempt subsection. ECF 8 at 36–44.

B. Plaintiff alleges substantially the same allegations and transactions that were publicly disclosed.

A fraudulent "transaction" is publicly disclosed when the essential elements of the alleged fraud are revealed, even if no source has expressly alleged fraud. *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 654 (D.C. Cir. 1994) ("The question, properly, then, is whether the information conveyed [to the government] could have formed the basis for a

governmental decision on prosecution, or could at least have alerted law-enforcement authorities to the likelihood of wrongdoing....") (quoting *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373 (D.C. Cir. 1981), *cert. denied*, 455 U.S. 999 (1982)). The Public Disclosure Bar "encompasses actions even partly based upon prior public disclosures." *U.S. ex rel. Black v. Health & Hosp. Corp. of Marion Cnty.*, 494 F. App'x 285, 295 (4th Cir. 2012) (citing *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 351 (4th Cir. 2009)).

Plaintiff's allegations are entirely based upon public disclosures. IAC applied for, received, and obtained forgiveness for a first-draw PPP loan, which necessarily required it to certify its eligibility. This was disclosed by both the SBA and ProPublica prior to Plaintiff's filing of its Complaint. *See* supra section III(A). IAC is a tax-exempt 501(c)(6) organization as disclosed by the IRS. *Id.* Tax-exempt 501(c)(6) organizations were not eligible until December 27, 2020 for PPP loans as disclosed by the IRS, by ProPublica, and in the Statutes at Large and the Federal Register. *Id.* All essential elements were publicly disclosed. Further, Plaintiff adds nothing to the public record. It adds no insider account, no internal document, no communication, and no information about the circumstances, intent, or knowledge of anyone who prepared IAC's applications. It is a repackaging of public data, assembled the same way for every defendant. As such, Plaintiff alleges the same allegations and transactions that were publicly disclosed.

C. Plaintiff is not an original source.

An original source is one who either (i) before the public disclosure, voluntarily disclosed the information to the Government, or (ii) "has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions" and voluntarily provided that information to the Government before filing suit. 31 U.S.C. § 3730(e)(4)(B). Plaintiff alleges neither. It does not allege that Plaintiff disclosed anything to the Government before the SBA and

IRS data became public, nor does it allege that Plaintiff has any knowledge about IAC independent of those public sources. Plaintiff has acknowledged as much in its parallel cases. *See United States ex rel. The Tarbell Group, LLC v. Bristol TN-VA Ass'n of Realtors*, No. 1:25-cv-00111 (E.D. Tenn.), ECF No. 138 at 2 ("Relator here does not claim original-source status."); *United States ex rel. The Tarbell Group, LLC v. Adams Cmty. Econ. Dev. Corp.*, No. 4:25-cv-00119 (S.D. Iowa), ECF No. 141 at 31 ("The FAC here does not plead that Relator is an original source[.]"). Because there were qualifying public disclosures of the same allegations and transactions and Plaintiff is not an original source, the Court should dismiss Plaintiff's claims against IAC with prejudice. 31 U.S.C. § 3730(e)(4)(A).

## CONCLUSION

For the reasons stated herein, and pursuant to Rules 4(m) and 12(b)(6), the Court should dismiss the Amended Complaint and all claims or causes of action against Defendant Intersocietal Accreditation Commission, Inc.

Respectfully Submitted,

INTERSOCIETAL ACCREDITATION
COMMISSION, INC.
By Counsel:

CARR MALONEY P.C.

*/s/ J. Peter Glaws, IV*

J. Peter Glaws, IV, USDC for MD No. 19258
Elise Levy, USDC for MD No. 32499
2000 Pennsylvania Avenue, NW,
Suite 8001
Washington, D.C. 20006
202-310-5500 (Telephone)
202-310-5555 (Facsimile)
Peter.Glaws@carrmaloney.com
Elise.levy@carrmaloney.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing ***Motion to Dismiss and Memorandum of Points and Authorities*** was electronically filed and served via this Court's e-filing system on this 19th day of November, 2026 to:

Bruce Ellis Fein
Bruce Ellis Fein, PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
*Counsel for Plaintiff*

And

All counsel of record.

*/s/ J. Peter Glaws, IV*
J. Peter Glaws, IV